1
2
3                                    O
4
5
6
7
8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10
11   GARY B. MORGAN,                 )  Case No. CV 10-1410-DSF (DTB)
                                     )
12                  Petitioner,      )
                                     )
13            vs.                    )  ORDER DISMISSING COMPLAINT
                                     )  WITH LEAVE TO AMEND
14   LOS ANGELES COUNTY              )
     JAIL; SHERIFF LEROY D.          )
15   BACA,                           )
                                     )
16                  Respondents.     )
                                     )
17
18        Plaintiff, a prisoner incarcerated at the Los Angeles County Men's Central Jail

19   ("LACMCJ") in Los Angeles, California, filed a pro se civil rights action herein

20   pursuant to 42 U.S.C. § 1983 on March 1, 2010, after being granted leave to proceed

21   in forma pauperis.  The gravamen of plaintiff's claims was that he was subjected to

22   excessive force and sustained physical injuries during a fight on the roof which was

23   orchestrated by Los Angeles County Sheriff's Deputies at LACMCJ.  Named as

24   defendants in their individual and official capacities are Los Angeles County Sheriff

25   Leroy D. Baca and LACMCJ Captain, Daniel S. Cruz.  Also named as a defendant is

26   the "Los Angeles County Jail" ("Los Angeles County") and 25 unnamed LACMCJ

27   Sheriff Deputies, who are alleged as doe defendants, and all of whom are named

28   solely in their official capacity.

                                      1

1    In accordance with the mandate of the "Prison Litigation Reform Act of 1995"
2  ("PLRA"), the Court has screened the Complaint prior to ordering service, for
3  purposes of determining whether the action is frivolous or malicious; or fails to state
4  a claim on which relief may be granted; or seeks monetary relief against a defendant
5  who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2), 1915A.

6    The Court's screening of the Complaint under the foregoing statute is governed
7  by the following standards.  A complaint may be dismissed as a matter of law for
8  failure to state a claim for two reasons:  (1) lack of a cognizable legal theory; or (2)
9  insufficient facts under a cognizable legal theory.  See Balistreri v. Pacifica Police
10  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Since plaintiff is appearing pro se, the
11  Court must construe the allegations of the Complaint liberally and must afford
12  plaintiff the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dep't, 839
13  F.2d 621, 623 (9th Cir. 1988).  Moreover, in determining whether the Complaint states
14  a claim on which relief may be granted, its allegations of material fact must be taken
15  as true and construed in the light most favorable to plaintiff.  See Love v. United
16  States, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, "a plaintiff's obligation to
17  provide the 'grounds' of his 'entitlement to relief' requires more than labels and
18  conclusions, and a formulaic recitation of the elements of a cause of action will not
19  do. … Factual allegations must be enough to raise a right to relief above the
20  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct.
21  1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted); see also Ashcroft v. Iqbal,
22  - U.S. -, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for
23  failure to state a claim, "a complaint must contain sufficient factual matter, accepted
24  as true, to 'state a claim to relief that is plausible on its face.' [citation omitted].  A
25  claim has facial plausibility when the plaintiff pleads factual content that allows the
26  court to draw the reasonable inference that the defendant is liable for the misconduct
27  alleged.").

28    After careful review and consideration of the Complaint under the relevant

2

standards, the Court finds that it fails to state a federal civil rights claim on which relief may be granted for the reasons discussed below.  Accordingly, the Complaint is dismissed with leave to amend.  <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a <u>pro se</u> litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).  If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint within thirty (30) days of the date of this Order remedying the deficiencies discussed below.

## DISCUSSION

**I.**  **<u>Plaintiff's allegations are insufficient to state a § 1983 claim for monetary damages against any of the named defendants in their official capacities.</u>**

In <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 64-66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983.  The Supreme Court reasoned that a suit against a state official in his or her official capacity is a suit against the official's office, and as such is no different from a suit against the State itself, which would be barred by the Eleventh Amendment.  <u>See</u> <u>id.</u> at 64-66; <u>see also</u> <u>Romano v. Bible</u>, 169 F.3d 1182, 1185 (9th Cir. 1999); <u>Stivers v. Pierce</u>, 71 F.3d 732, 749 (9th Cir. 1995).  In addition, "the Eleventh Amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, <u>i.e.</u>, money damages."  <u>Bair v. Krug</u>, 853 F.2d 672, 675 (9th Cir. 1988).

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have consented to waive its sovereign immunity or Congress must have abrogated it; moreover, the State's consent or Congress' intent must be "unequivocally expressed."

1   See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100, 104 S. Ct.

2   900, 79 L. Ed. 2d 67 (1984).  While California has consented to be sued in its own

3   courts pursuant to the California Tort Claims Act, such consent does not constitute

4   consent to suit in federal court.  See BV Engineering v. Univ. of Cal., Los Angeles,

5   858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero State Hosp. v. Scanlon, 473

6   U.S. 234, 241, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985) (holding that Art. III, § 5 of

7   the California Constitution did not constitute a waiver of California's Eleventh

8   Amendment immunity).  Furthermore, Congress has not abrogated State sovereign

9   immunity against suits under 42 U.S.C. § 1983.

10          To the extent the Complaint names all of the defendants in official capacities,

11   it fails to state a cause of action.

12

13   **II.    To the extent that plaintiff's claims against defendants Baca and Cruz**

14          **appears to be based on their supervisory roles, plaintiff's allegations are**

15          **insufficient to state a § 1983 claim against them.**

16          It appears to the Court from its review of the Complaint that plaintiff's claims

17   against defendants Leroy D. Baca and Daniel S. Cruz is based solely or in part on their

18   supervisory roles.  (See Complaint at 3, ¶¶ 2, 3).

19          In order to state a claim against a particular defendant for violation of his civil

20   rights under 42 U.S.C. § 1983, plaintiff must allege that the defendant, acting under

21   color of state law, deprived plaintiff of a right guaranteed under the Constitution or

22   a federal statute.  See Karim-Panahi, 839 F.2d at 624.  "A person deprives another 'of

23   a constitutional right, within the meaning of section 1983, if he does an affirmative

24   act, participates in another's affirmative acts, or omits to perform an act which he is

25   legally required to do that causes the deprivation of which [the plaintiff complains].'"

26   Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988), quoting Johnson v. Duffy, 588

27   F.2d 740, 743 (9th Cir. 1978).  The requisite causal connection can be established not

28   only by some kind of direct personal participation in the deprivation, but also by

4

setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.  See Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007).  In limited circumstances, a person can also be subject to § 1983 liability for the acts of others.  See id.  There is no pure respondeat superior or agency liability under § 1983.  See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989).  However, a supervisor can be held liable for the constitutional violations of a subordinate "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  See Hydrick, 500 F.3d at 988 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Here, plaintiff has failed to allege that Baca and Cruz had any personal involvement in the alleged fight wherein plaintiff suffered injuries due to excessive force, or that they set in motion a series of acts by others which they knew or reasonably should have known would cause others to inflict the constitutional injury about which plaintiff is complaining (i.e., the excessive force), or directed such, or knew of the conduct alleged and failed to prevent it.  The Court finds that plaintiff's allegations are not sufficient "to raise a right to relief above the speculative level."  See Twombly, 127 S. Ct. 1955 at 1964-65; see also Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (holding that, in determining whether a complaint states a claim on which relief may be granted, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

## III.    Plaintiff's allegations are insufficient to state a claim for relief against Los Angeles County.

In Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the Supreme Court held that a local government entity such as Los Angeles County, which operates the LACMCJ,  "may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is

5

only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."

Thus, a governmental entity such as Los Angeles County may not be held liable for the alleged actions of the two individual defendants in subjecting plaintiff to excessive force unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." Monell, 436 U.S. at 690-91; see also Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991).

Here, the Court notes that plaintiff has failed to specify any pattern practice or custom of Los Angeles County, or of any individual who could qualify as a policy maker for Los Angeles County, regarding the use of excessive force as it pertains to the incidents described by plaintiff in the Complaint. The Court therefore finds that plaintiff's conclusory allegations in support of his Monell claim (see Complaint at 3, 5), as they relate to the alleged actions of the individual defendants in subjecting plaintiff to excessive force, are precisely the kind of "formulaic recitation of the elements of a cause of action" that the Supreme Court held in Twombly was insufficient to state a claim because they do not rise "above the speculative level." See also McGlinchy, 845 F.2d at 810 ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim").

*****************

If plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete

in and of itself without reference to the original Complaint or any other pleading, attachment, or document.  The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

DATED: March 10, 2010

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

_____

FULL NAME

_____

COMMITTED NAME (if different)

_____

FULL ADDRESS INCLUDING NAME OF INSTITUTION

_____

_____

PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PLAINTIFF, | CASE NUMBER |
| v. | _____ <br> *To be supplied by the Clerk* |
| DEFENDANT(S). | **CIVIL RIGHTS COMPLAINT** <br> **PURSUANT TO** *(Check one)* <br> ☐ 42 U.S.C. § 1983 <br> ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A.  PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes    ☐ No

2. If your answer to "1." is yes, how many? _____

    Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:

Plaintiff _____

_____

Defendants _____

_____

b. Court _____

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it

appealed?  Is it still pending?) _____

f. Issues raised: _____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint
occurred?  ☐ Yes    ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

_____

3. Is the grievance procedure completed?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

4. Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____

(print plaintiff's name)

who presently resides at _____ ,

(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____

(institution/city where violation occurred)

on (date or dates) _____, _____, _____.
                         (Claim I)           (Claim II)         (Claim III)

**NOTE**:    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant _____ resides or works at
           (full name of first defendant)

       _____
       (full address of first defendant)

       _____
       (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

2.   Defendant _____ resides or works at
           (full name of first defendant)

       _____
       (full address of first defendant)

       _____
       (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

3.   Defendant _____ resides or works at
           (full name of first defendant)

       _____
       (full address of first defendant)

       _____
       (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

4.  Defendant _____ resides or works at
        (full name of first defendant)

    _____
        (full address of first defendant)

    _____
        (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____


5.  Defendant _____ resides or works at
        (full name of first defendant)

    _____
        (full address of first defendant)

    _____
        (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D.  CLAIMS\***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without

citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each

DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*\*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____          _____
            *(Date)*                              *(Signature of Plaintiff)*